```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                       SOUTHEASTERN DIVISION
```

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
     v.                          )    No. 1:07 CR 100 JCH
                                 )                    DDN
JOSEPH ALLEN AKENS,              )
                                 )
            Defendant.           )

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the pretrial motions of the parties which were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing was held before Magistrate Judge Lewis M. Blanton on August 10, 2007. The matter was transferred to the undersigned to make proposed findings of fact and conclusions of law from the record made before Judge Blanton.

From the evidence adduced during the hearing before Judge Blanton, the following findings of fact and conclusions of law are made:

**FACTS**

1.  On January 29, 2007, Cape Girardeau, Missouri, Police Officer Daniel Seger was engaged in the investigation of marijuana trafficking in Cape Girardeau. On that day a confidential informant[1] told him that he could buy marijuana from Hank Hurt and his girlfriend Heather Ebert and that they were selling marijuana from their residence in Cape Girardeau.[2] The informant told the officer where Hurt and Ebert lived. Officer Seger verified this information by doing a vehicle registration check of Hurt and Ebert; their car was registered to Ebert at the residence the informant stated. Officer Seger had the informant arrange a controlled purchase of marijuana from Hurt and Ebert. When the

---

[1] Before January 29, Officer Seger worked with this informant for approximately one week. During this week the informant made a controlled purchase of an illicit drug for the police.

[2] The police had no prior information about Hurt or Ebert.

informant contacted them, they told him that they did not have any marijuana at that time, but that they would be getting some soon. After receiving that information from the informant, Officers Seger and Bohnert surreptitiously put Hurt and Ebert under surveillance from a spot near their residence. Soon, the informant telephoned the officers and told them that Hurt and Ebert were leaving the residence to get the marijuana. The officers then saw Hurt and Ebert drive away from their residence in their automobile. The officers followed them to 2057 Big Bend Road, which turned out to be the residence of defendant Joseph Akens.

    2.    The officers watched as Hurt and Ebert remained in their car in the driveway of 2057 Big Bend Road and at least one person, and perhaps several including a black male, came out of the residence and went to Hurt and Ebert's vehicle. Because the area was dark, the officers could not see who came out of the residence. After 15 to 20 minutes the Hurt and Ebert vehicle left. Shortly thereafter, the informant called the officers and told them that Hurt and Ebert had obtained the marijuana and were returning to their residence.

    3.    At the officers' request, other Cape Girardeau police officers stopped the Hurt-Ebert vehicle. Officers Seger and Bohnert went to the scene of the stop. The police had Heather Ebert, the driver of the car, step out of the vehicle. She was searched and a quantity of marijuana was found on her person. Officer Seger spoke with her and she said she had gotten the marijuana from Joseph Akens at 2057 Big Bend Road.

    4.    At that time Officer Seger showed Ms. Ebert a photograph of Joseph Akens, a black male, which he had obtained from police files.[3] Ebert identified the photo as that of Joseph Akens, who sold her the marijuana shortly before the police stopped her car.

    5.    Thereafter, in the morning of January 30, 2007, Officer Seger prepared and submitted a written, sworn search warrant application and affidavit to search 2057 Big Bend Road for marijuana, drug paraphernalia

---

[3] Officer Seger had arrested Akens in the past. The police also had received information in the past from informants that Akens had distributed marijuana in the past.

such as baggies, scales, cash, and evidence of ownership of the residence. Officer Seger's affidavit stated that he was experienced in narcotics investigation. It also stated that within the previous 72 hours a confidential informant told him that he had previously bought marijuana from a white man named "Hank." The affidavit stated that the informant bought some prescription medication from him and arranged to buy marijuana from Hank after he got some from his source. After this meeting, the informant turned over to Officer Seger the prescription medication he bought from Hank. The affidavit also described the police surveillance of Hank's residence, the surveillance of him and a female as they drove to a residence on Big Bend Road, the surveillance there, and the subsequent call from the informant that Hank had called him to say that he now had the marijuana to sell. The affidavit described the police stop of the car in which Hank and a white female, identified as Heather, were riding. The affidavit stated that the female was searched and from her was seized two packages of marijuana she said she had just bought from a black man named "Joseph" at the Big Bend Road location. The affidavit also stated that Heather viewed a police picture of Joseph Akens and identified him as the black man who had just sold her the marijuana. On January 30, 2007, at 10:30 a.m., after reviewing the documents, Cape Girardeau County Circuit Judge Gary Kemp issued a search warrant to search 2057 Big Bend Road. See Gov. Ex. 1.

    6. Later on January 30, Officer Seger and the police Special Response Team of several officers executed the warrant. When they arrived at the residence, no one was there. The officers forced their entry into the residence and began to search. During the search, officers found and seized marijuana, drug paraphernalia (plastic baggies and a smoking pipe), and firearms. A quantity of marijuana was found in the freezer packed in a large zipper bag. Also in the kitchen were found a marijuana grinder and another quantity of marijuana. The drug paraphernalia were found in the kitchen and in the living room. A loaded two-shot derringer was found in a bedroom in a bag near the night stand. A loaded rifle was found in a bedroom closet. A digital scale was found in the living room.

7. After the marijuana was found and seized, Joseph Akens and his girlfriend drove up to the residence in their car. The police arrested Akens and Officer Seger advised him of his Miranda rights by reading them to him from a card. In response to hearing his rights, Akens said he understood his rights. He then agreed to speak with the officers. In response to police questions, Akens made oral statements. Akens also cooperated with the police by contacting his source of marijuana, one Jonathan Ayers, and ordering a pound of marijuana. No threat or coercion was used to get Akens to cooperate with the police, to waive his Miranda rights, or to make statements to the police.

8. A short time later, Ayers drove past Akens's residence. The police stopped and detained Ayers and seized a pound of marijuana from him.

## DISCUSSION

### Search of 2057 Big Bend Road

On his motion to suppress, defendant argues that the search warrant for 2057 Big Bend Road was unlawfully issued and that the items seized from that location should be suppressed. In deciding defendant's argument, this court must determine whether the issuing judge had a substantial basis for concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. McCoy, 483 F.3d 862, 863 (8th Cir. 2007). "Probable cause exists, if under the totality of the circumstances, a showing of facts can be made 'sufficient to create a fair probability that evidence of a crime will be found in the place to be searched.'" United States v. Summage, 481 F.3d 1075, 1077 (8th Cir. 2007). In other words, the task of the issuing judge is to make "a practical, common-sense decision whether given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. And, as stated, the task of this court is to decide whether the issuing judge had a substantial basis for that decision.

After carefully reviewing Officer Seger's search warrant affidavit, the undersigned concludes that the affidavit provided Judge Kemp a substantial basis for finding probable cause. The affidavit described at length the police investigation of persons identified in the affidavit as Hank and Heather that linked 2057 Big Bend Road with the distribution of marijuana. It was the location where Hank and Heather were seen by the police firsthand in contact with persons which included a black male; and it was the location which Hank and Heather had left when the informant called to say that Hank had called to say that he had obtained the marijuana for the informant. All of this was corroborated by marijuana being found on Ebert's person and by her telling the police that she had gotten it from Joseph at the residence on Big Bend Road. United States v. McAtee, 481 F.3d 1099, 1103 (8th Cir. 2007)(fact that a statement is against penal interest enhances the statement's credibility); United States v. Carter, 413 F.3d 712, 714 (8th Cir. 2005). Defendant argues that when Ebert and Hank drove away from 2057 Big Bend Road all the police had was speculation that a drug transaction had occurred. This argument is factually supported by the testimony of Officer Seger. Nevertheless, any such speculation quickly became reasonably certain knowledge with the seizure of the marijuana from the person of Ebert and her statement about where she got it, which was corroborated by the earlier police observation of what could be seen in the available light outside 2057 Big Bend Road.

While it is possible that Ebert had obtained the marijuana from a source other than Joseph at 2057 Big Bend Road, as defendant argues, such a possibility does not detract from the reasonableness of the issuing judge finding probable cause from the record before him that the marijuana was obtained from 2057 Big Bend Road. Gates, 462 U.S. at 246.

Defendant argues that the issuing judge abandoned his neutral and detached role when he issued the search warrant because the affidavit did not indicate that the confidential informant was reliable. The undersigned disagrees. While the informant had not been involved in extensive prior police investigations, the information he or she provided Officer Seger was very quickly and substantially corroborated

by the police surveillance, the seizure of the marijuana from Ebert, and her statements.

## Post-arrest statements

Defendant also moves for the suppression of the statements he made to the police after he drove up to his residence during the execution of the search warrant on January 30, 2007. The statements should not be suppressed.

Defendant's statements came after he was lawfully arrested without a warrant. A warrantless arrest is lawful under the Fourth Amendment, if it is based upon probable cause, that is, information sufficient to cause a reasonable person to believe that the defendant had committed an offense or was then committing an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964); United States v. Nevils, 897 F.2d 300, 309 (8th Cir. 1990)(probable cause can be established by the information set forth in a search warrant affidavit). In this case, the facts known by the police in the investigation which led to defendant, including the statement by Heather Ebert that she got the marijuana from Joseph at the Big Bend Road location, clearly established probable cause to arrest defendant on January 30.

Defendant's post-arrest statements are admissible and should not be suppressed. The government has the burden of establishing the constitutional admissibility of a defendant's statements by a preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157, 169 (1986); Lego v. Twomey, 404 U.S. 477, 489 (1972). The admissibility of a defendant's statements depends upon whether the statements are constitutionally voluntary, Colorado v. Connelly, 479 U.S. at 163-67; and, when the statements are made during police interrogation while the defendant was in custody, whether the defendant had been advised of his rights, as prescribed by Miranda v. Arizona, 384 U.S. 436 (1966), and, if so, whether the defendant knowingly and voluntarily waived the Miranda rights, North Carolina v. Butler, 441 U.S. 369, 373, 375-76 (1979). Statements are constitutionally involuntary if they are the result of government overreaching, such as mental or physical coercion,

deception, or intimidation.  Colorado v. Connelly, 479 U.S. at 169-70; United States v. Hyles, 479 F.3d 958, 966 (8th Cir. 2007).

In the case at bar, before he made his statements, defendant was advised of and expressly stated that he understood his Miranda rights before making his statements.  There is no indication in the evidence that he did not understand his rights; there was no evidence that any officer intimidated, deceived, or coerced him into making a statement; and there was no evidence that defendant invoked his Miranda rights.

For these reasons,

**IT IS HEREBY RECOMMENDED** that the motion of defendant Joseph Allen Akens to suppress evidence (Doc. 25) be denied.

The parties are advised they have ten days in which to file written objections to this Report and Recommendation.  The failure to file timely, written objections may result in a waiver of the right to appeal issues of fact.

## NOTICE TO SET CASE FOR TRIAL

This Report and Recommendation having been issued by the undersigned United States Magistrate Judge,

**IT IS HEREBY ORDERED** that, pursuant to the Administrative Order of this Court, the case be set for trial.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 22, 2007.